PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO FRANCIS, | ) | |
| | ) | CASE NO. 5:19CV1510 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ANDREW M. SAUL, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 16] |

On March 28, 2016, Plaintiff Antonio Francis filed a claim for disability insurance benefits ("DIB"). An Administrative Law Judge ("ALJ") denied Plaintiff's claim after a May 23, 2018 hearing with testimony being offered by Plaintiff and a vocational expert ("VE"). At step three of the sequential analysis, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). Transcript (ECF No. 11) at PageID #: 82. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Jonathan D. Greenberg for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and

(5:19CV1510)

Local Rule 72.2(b)(1).  After both parties filed briefs,[1] the magistrate judge submitted a Report and Recommendation (ECF No. 15) reasoning that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence and was made pursuant to proper legal standards.  The magistrate judge recommends the Commissioner's decision denying benefits be affirmed.  For the reasons given below, the undersigned agrees.

**I.**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b).  Objections to the Report and Recommendation must be specific, not general, in order to focus the court's attention upon contentious issues.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes whether substantial evidence supports the Commissioner's decision.  The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "such relevant evidence as a

---

[1] Plaintiff chose not to respond to the defendant's brief by filing a reply brief.  *See* Order (ECF No. 6) at PageID #: 33.

(5:19CV1510)

reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which

(5:19CV1510)

can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Hines v. Comm'r of Soc. Sec.*, No. 13-12568, 2014 WL 3819329, at *2-3 (E.D. Mich. Aug. 4, 2014).

**II.**

The Court has reviewed the Report and Recommendation (ECF No. 15) *de novo*. The Court has also considered Plaintiff's Objections to the Magistrate [Judge]'s[2] Report and Recommendation (ECF No. 16) and Defendant's Response (ECF No. 17).

Plaintiff's alleged disability onset date is November 20, 2005. His date last insured ("DLI") is September 30, 2008. Through the DLI, Plaintiff had chronic obstructive pulmonary disease ("COPD")/emphysema, which are severe impairments. The magistrate judge recommends that the Court find that: (1) it was not error for the ALJ to omit from consideration a second pulmonary function test ("PFT") taken in November 2009, ECF No. 15 at PageID #: 932-33;

(2) Plaintiff's inability to contact Robert M. Hines, M.D., his treating physician at the time, or obtain his treatment notes due to the doctor's retirement does not relieve Plaintiff of the burden

---

[2] Plaintiff's counsel misidentifies Magistrate Judge Greenberg as the "Magistrate" throughout the objections. Attorney Wilson knows the title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, § 321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). She was previously admonished by the undersigned for the misidentification of Magistrate Judge Greenberg as the "Magistrate" in a prior case. *See Kuczma v. Berryhill*, No. 1:16CV3072, 2018 WL 1357320, at *2, n. 2 (N.D. Ohio March 16, 2018).

(5:19CV1510)

of establishing the impairments that determine his residual functional capacity ("RFC"), ECF No. 15 at PageID #: 933; (3) it was appropriate for the ALJ to consider the conservative treatment that Plaintiff received and to infer that the prescribed medication controlled his symptoms because Plaintiff sought and received no additional treatment, ECF No. 15 at PageID #: 933-34; (4) the ALJ properly gave consideration to the fact that Plaintiff did not follow through on his doctor's recommendation to stop smoking during the period at issue, ECF No. 15 at PageID #: 934;

(5) Plaintiff's testimony about his limitations, given nearly 10 years after the period at issue, was somewhat contradictory, ECF No. 15 at PageID #: 935; and, (6) it was reasonable for the ALJ to discount Plaintiff's subjective complaints in formulating the RFC, and find him capable of medium work as defined in 20 C.F.R. § 404.1567(c), ECF No. 15 at PageID #: 935-36.

Plaintiff objects to the Report and Recommendation (ECF No. 15).  He declares that "at the very least, remand is necessary to further assess the limitations imposed by the Plaintiff's documented lung impairment and to properly evaluate his true residual functional capacity and his complaints pursuant to SSR 16-3p."  ECF No. 16 at PageID #: 946.

Plaintiff argues that the magistrate judge erred by recommending that Plaintiff can perform the demands of medium work, despite the medical findings of record.  He cites the November 2009 PFT, as well as an August 2011 chest x-ray and three (3) other PFTs taken in October 2013, February 2016, and August 2016.  ECF No. 16 at PageID #: 937-38.  He contends without a more detailed and articulated explanation as to why the November 2009 PFT was

5

(5:19CV1510)

"rejected," the Court should find the magistrate judge's recommendation "in this respect is unsupported." ECF No. 16 at PageID #: 939.

What these tests all have in common is they were performed subsequent to the DLI. As stated by the district court in *Ferguson v. Comm'r of Soc. Sec.*:

> To be eligible for disability insurance benefits, a person must become disabled *during* the period in which he or she has met the statutory special earnings requirements. 42 U.S.C. §§ 416(i)(2)(c); 423(a), (c), (d); 20 C.F.R § 404.130. "If a claimant is no longer insured for disability [insurance] benefits at the time she files her application, she is entitled to disability insurance benefits only if she was disabled before the date she was last insured." *Renfro v. Barnhart*, 30 Fed.Appx. 431, 435 (6th Cir. 2002). Therefore, the ALJ generally only considers evidence from the alleged disability onset date through the date last insured. *King v. Sec'y of Health & Human Servs.*, 896 F.2d 204, 205-06 (6th Cir. 1990). "Evidence of disability obtained after the expiration of insured status is generally of little probative value," *Strong v. Soc. Sec. Admin.*, 88 Fed.Appx. 841, 845 (6th Cir. 2004), and is relevant to the disability decision only if the evidence "relate[s] back to the claimant's condition prior to the expiration of her date last insured." *Wirth v. Comm'r of Soc. Sec.*, 87 Fed.Appx. 478, 480 (6th Cir. 2003); *see also Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6t[h] Cir. 1987) (per curiam) (holding that a treating physician's opinion, based on a treatment record that began eight months after the date last insured, was not entitled to substantial weight). If the plaintiff becomes disabled after the loss of insured status, the claim must be denied even though she became disabled thereafter. *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).

No. 2:16-cv-13289, 2018 WL 912882, at *5 (E.D. Mich. Jan. 22, 2018) (emphasis in original; brackets added), *report and recommendation adopted*, No. 16-13289, 2018 WL 902281 (E.D. Mich. Feb. 15, 2018). All of this medical evidence cited by Plaintiff in his Objections (ECF No. 16) post-dates the relevant period in this case—November 20, 2005 through September 30, 2008. Moreover, Plaintiff has neither argued nor demonstrated in his Objections (ECF No. 16) how the post-DLI medical evidence relates back to his condition during the relevant time period. *See*

6

(5:19CV1510)

*Kafantaris v. Berryhill*, No. 1:17CV568, 2018 WL 1157762, at *22 n. 14 (N.D. Ohio Feb. 2, 2018) (Greenberg, M.J.) (recommending that the Commissioner's final decision be affirmed), *report and recommendation adopted*, No. 1:17-cv-0568, 2018 WL 1122123 (N.D. Ohio March 1, 2018) (Lioi, J.).

Plaintiff also notes that an August 2007 PFT signed by Dr. Hines showed a "[s]everely reduced maximal voluntary ventilation ("MVV")." ECF No. 11 at PageID #: 497. He argues in conclusory fashion that "it stands to reason that a severely reduced maximum (sic) voluntary ventilation is consistent with Plaintiff's allegations of severe shortness of breath, and inconsistent with the ability to perform the exertional demands of medium work." ECF No.16 at PageID #: 939. But, as acknowledged by the ALJ (ECF No. 11 at PageID #: 83), the same PFT states the moderate large airways obstructive ventilatory defect had "an immediate response to aerosolized bronchodilators." ECF No. 11 at PageID #: 497.

As the ALJ noted, "[d]iagnostic test results and physical examination findings were largely unremarkable." ECF No. 11 at PageID #: 83. Plaintiff had a chest x-ray in July 2007 that showed no acute process in the chest, though there were changes of emphysema in the lungs and mild anterior degenerative spurring of the thoracic spine. ECF No. 11 at PageID #: 522. The state agency reviewing physicians, whom provided the only medical opinions in the record, considered Plaintiff's July 2007 chest x-ray, as well as his August 2007 PFT and his November 2009 PFT. ECF No. 11 at PageID #: 156. The ALJ acknowledged the results of Plaintiff's chest x-ray, but reasonably determined that "[t]he nature and degree of pain and functional limitations alleged by the claimant" was not supported by this evidence. ECF No. 11 at PageID #: 83.

7

(5:19CV1510)

Plaintiff disagrees with the ALJ's interpretation of this evidence (ECF No. 16 at PageID #: 939), but does not present evidence proving that his COPD was disabling. 20 C.F.R. § 404.1512 (a claimant has the burden to show how his impairments affected his functioning during the time he alleges he was disabled).

Plaintiff argues the ALJ also did not properly evaluate Plaintiff's subjective complaints pursuant to Social Security Ruling 16-3p, 2017 WL 5180304 (Oct. 25, 2017). Plaintiff maintains his testimony was not consistent with the ability to perform medium work activity. ECF No. 16 at PageID #: 939, 943. SSR 16-3p concerns treatment of a claimant's subjective complaints. The Sixth Circuit has described the thrust of SSR 16-3p as merely ending "the use of the word 'credibility' . . . to 'clarify that the subjective symptoms evaluation is not an examination of an individual's character.' " *Dooley v. Comm'r of Soc. Sec.*, 656 Fed.Appx. 113, 119 n. 1 (6th Cir. 2016). Under SSR 16-3p, "an ALJ must focus on the consistency of an individual's statements about the intensity, persistence and limiting effects of symptoms, rather than credibility." *Jidas v. Comm'r of Soc. Sec.*, No. 17-14198, 2019 WL 2252289, at *8 (E.D. Mich. Feb. 26, 2019) (citation omitted).

Plaintiff contends the magistrate judge erred by not finding the ALJ's credibility analysis flawed and not supported by substantial evidence. ECF No. 16 at PageID #: 940-46. The Court finds that this objection raises no factual or legal arguments that have not been fully addressed by the Report and Recommendation (ECF No. 15). The Court concludes the ALJ conducted a thorough review of all of the record evidence and evaluated Plaintiff's subjective complaints in accordance with 20 C.F.R. §§ 404.1529(c), 416.929(c) and SSR 16-3p. The ALJ found that

8

(5:19CV1510)

Plaintiff's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. ECF No. 11 at PageID #: 82-84. In this case, the ALJ set forth and properly followed the two-step process and the factors ALJs consider for evaluating a claimant's subjective symptoms.

### III.

Accordingly, Plaintiff's Objections (ECF No. 16) are overruled. The Report and Recommendation (ECF No. 15) is adopted. The decision of the Commissioner of Social Security is affirmed. Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

| | |
|---|---|
|   May 29, 2020   |   */s/ Benita Y. Pearson*   |
| Date | Benita Y. Pearson |
| | United States District Judge |